# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)
### Eastern Division

TV Tokyo Corporation

                        Plaintiff,

v.

                        Case No.:
                        1:24−cv−08964

                        Honorable Lindsay
                        C. Jenkins

The Individuals, Corporations, Limited Liability
Companies, Partnerships, and Unincorporated
Associations Identified on Schedule A Hereto, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, January 10, 2025:

      MINUTE entry before the Honorable Lindsay C. Jenkins: The motion to dismiss [66] for lack of jurisdiction is denied. Personal jurisdiction may be either general or specific. See Daimler AG v. Bauman, 571 U.S. 117, 12628 (2014), and Plaintiff has established a prima facie case of specific personal jurisdiction over Defendant Quanzhou Haixin Garment Technology Co., Ltd. Defendant's argument against specific personal jurisdiction is that it did not conduct business in Illinois and did not direct or target their allegedly infringing activities to the Illinois market [Dkts. 66, 89] But the materials included in Plaintiff's response, including a purchase order dated March 2024 using an order number ending in 6462 involved an order for a counterfeit product from Defendant, that listed a Bensenville, Illinois address for shipping that had been placed but was awaiting confirmation. [Dkt. 85−1 at 6.] Even assuming the order was cancelled and never shipped, the Court agrees with other decisions in this district that it cannot allow a defendant to avoid this Court's jurisdiction by apparently cancelling the order after it was placed. RABUS GmbH v. Individuals Identified on Schedule A, 2022 WL 7501046 (N.D. Ill. 2022); Pit Viper, LLC v. The P'Ships, et al., Case No. 23−cv−14761. Here, the order was placed and Defendant assigned it an order number, which is sufficient to make a prima facia showing of purposeful availment at this stage. Defendants were ready, willing, and able to ship products to an Illinois address. NBA Properties, Inc. v. HANWJH, 46 F.4th 614, 624 (7th Cir. 2022) (purposeful direction aimed at Illinois where the defendant established an online storefront, indicated a willingness to sell to Illinois, and fulfilled an order by "intentionally shipping an infringing product to the customer's designated Illinois address.") The remaining requirements for personal jurisdiction are also satisfied because the contact at issue relates to this suit and Defendant has taken steps to make its products, including those at issue in this case, available to Illinois customers. As such, it does not offend traditional notions of fair play and substantial justice for Defendant to defend against the claims in this forum. Defendant's answer is due by January 17, 2025. By January 24, 2025, the parties are to jointly propose a fact discovery schedule and if either party wishes to conduct jurisdictional discovery, it should be included in the proposed

schedule to occur alongside fact discovery. Mailed notice. (kp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.