**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | Case No. 24-cv-8964<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Judge Jeannice W. Appenteng |

**PLAINTIFF'S RESPONSE TO THE MOTION TO RECOVER DAMAGES, ATTORNEY FEES AND SANCTIONS OF DEFENDANT NO. 224 "YIWU WENZAN APPAREL CO., LTD."**

Plaintiff, TV TOKYO CORPORATION ("NARUTO" or "Plaintiff"), in response to the Motion to Recover Damages, Attorney Fees and Sanctions ("Motion") of Defendant No. 224 "Yiwu Wenzan Apparel Co., Ltd." ("Defendant") states as follows:

## I. INTRODUCTION

Defendant's claims against Plaintiff for attorney fees, sanctions and other miscellaneous charges are unfounded and unsupported. Defendant has filed at least fifty-five (55) pleadings, motions and other supporting materials and been actively litigating the present matter since November 18, 2024. After extensive motion practice and the completion of fact discovery, this Court ordered the Parties to file cross-motions for summary judgment, which were denied for lack of personal jurisdiction pursuant to the standards set forth by *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026).

Despite Defendant's allegations to the contrary, this Court did not reach a determination of the merits of either Party's claims in this matter, nor is Defendant considered a prevailing party and entitled to attorney fees, sanctions or bond damages. Much of the additional expenses complained of by Defendant are a result of its own conduct – including the filing of at least two (2) motions to dismiss, four (4) motions to modify the asset restraint and two (2) motions for reconsideration. Due to Defendant's failure to comply with discovery, Plaintiff needed to file three (3) motions to compel and a motion to strike Defendant's first motion for summary judgment due to Defendant's use of AI which produced multiple hallucinations.

As a result, Defendant is not entitled to attorney fees, costs and sanctions because it is unable to demonstrate any egregious conduct by Plaintiff and any multiplication of pleadings was due to Defendant's own conduct.

## II. PROCEDURAL HISTORY

On September 26, 2024, Plaintiff filed a Complaint for trademark infringement and counterfeiting (Count I), false designation of origin (Count II), copyright infringement (Count III) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV) and a Motion for Entry of a Temporary Restraining Order ("TRO"), including an asset restraint against numerous defendants, including Defendant No. 224 "Yiwu Wenzan Apparel Co., Ltd." [Dkt. Nos. 1, 11, 12]. On October 3, 2024, this Court granted the above-referenced motions. [Dkt. Nos. 32, 33]. On October 28, 2024, Plaintiff filed a Motion for Entry of a Preliminary Injunction and supporting Memorandum and effectuated service of process on Defendant. [Dkt. Nos. 37, 38, 42]. On November 1, 2024, this Court granted Plaintiff's Motion for Entry of a Preliminary Injunction against Defendant. [Dkt. Nos. 43, 44].

On November 18, 2024, Defendant filed a Motion for an Extension of Time to Answer the Complaint [Dkt. No. 51] which was granted the same day and extended the deadline to answer or otherwise plead to December 9, 2024. [Dkt. No. 53].

On December 3, 2024, Defendant filed a Motion to Dismiss [Dkt. Nos. 58, 61] which was denied because Defendant was not represented by counsel. [Dkt. No. 62]. On December 11, 2024, Plaintiff filed a Motion for Entry of Default and Default Judgment and a supporting Memorandum. [Dkt. Nos. 69, 70]. On December 13, 2024, Defendant filed a pro se Appearance. [Dkt. No. 76]. On December 18, 2024, Defendant filed an Opposition to Plaintiff's Motion for Summary Judgment, even though Plaintiff had not moved for summary judgment yet. [Dkt. No. 79]. On December 19, 2024, this Court granted Plaintiff's Motion for Default and Default Judgment against Defendant. [Dkt. No. 77, 78]. On December 23, 2024, this Court vacated the default judgment entered against Defendant and provided Defendant until January 17, 2025, to retain U.S. counsel. [Dkt. No. 82].

On January 17, 2025, Defendant filed a pro se Answer to Plaintiff's Complaint and a second Motion to Dismiss. [Dkt. No. 93]. On January 22, 2025, this Court struck Defendant's pro se Answer because it was not filed by a licensed attorney. [Dkt. No. 95]. On January 23, 2025, Defendant filed a Motion to Reconsider the January 22, 2025, Minute Order [Dkt. No. 96] which was granted on January 27, 2025. [Dkt. No. 99]. On February 12, 2025, this Court denied Defendant's Motion to Dismiss and imposed a discovery schedule deadline on the parties. [Dkt. Nos. 102, 103].

On May 12, 2025, Defendant filed a Motion to Modify the Asset Restraint [Dkt. No. 112] which was granted on May 29, 2025, and reduced the asset restraint from $460,000 to $150,000. [Dkt. No. 119]. Defendant then filed three (3) additional motions to modify the asset restraint on May 29, 2025 [Dkt. No. 121], June 6, 2025 [Dkt. No. 123] and June 7, 2025 [Dkt.

No. 127]. On June 9, 2025, this Court declined to disturb its prior ruling and modify the asset restraint further. [Dkt. No. 125]. On June 13, 2025, Defendant filed a Motion for Reconsideration of the Asset Restraint Reduction [Dkt. No. 131] which was denied by this Court on June 17, 2025. [Dkt. No. 132]. On June 25, 2025, Defendant filed a second Motion to Reconsider the Asset Restraint Reduction [Dkt. No. 135] which was denied by this Court on July 3, 2025. [Dkt. No. 137]. On February 14, 2026, Defendant filed its fourth Motion to Release the Restrained Funds. [Dkt. No. 190]. On February 19, 2026, Plaintiff filed a Motion to Strike Defendant's fourth Motion to Release the Restrained Funds because Defendant repeated many of the same arguments that this Court previously ruled on and raised in Defendant's motions for reconsideration [Dkt. No. 191].

On August 14, 2025, counsel for Defendant filed an Appearance. [Dkt. No. 162]. Defendant's counsel and Plaintiff settled this matter in principle on September 19, 2025. However, Defendant refused to honor the terms of the settlement agreement. As a result, counsel for Defendant filed a Motion to Withdraw as Counsel of Record on October 27, 2025 [Dkt. No. 172], which was granted on October 28, 2025. [Dkt. No. 174].

On December 22, 2025, this Court directed the Parties to file cross-motions for summary judgment. [Dkt. No. 182]. On June 29, 2026, this Court denied both Parties' motions for summary judgment and dismissed Plaintiff's Complaint against Defendant "without prejudice for lack of personal jurisdiction, or alternatively, for insufficient service of process." [Dkt. No. 227, pg. 1].

## III. ARGUMENT

### a. Rule 65(c) Bond Recovery Is Capped Absent an Established Exception

Defendant erroneously argues that "the $10,000 bond Plaintiff posted was 'plainly insufficient'" and seeks damages far in excess of the posted bond amount. (Defendant's Motion

[Dkt. No. 228, pg. 3]). The well-established rule, including in this district, is that a wrongfully enjoined party's recovery against a preliminary injunction bond is generally capped at the face amount of the bond, absent a recognized exception such as bad faith proven with clear evidence. “It is well-known, well-established, and oft-discussed that the bond places a ceiling on the damages that Defendants could obtain for the wrongful grant of an injunction, absent a showing that the [plaintiffs] acted in bad faith. That said, a defendant is ‘not automatically entitled to the amount of the bond; they still have to prove the amount of their damages.’” *Shenzhen Langmi Tech. Co. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 25 C 1966, 2026 WL 569072, at *3 (N.D. Ill. Feb. 26, 2026) (J. Ellis) (defendants’ motion for damages in excess of $10,000 bond denied in Schedule A trademark infringement matter).

Defendant's motion does not identify controlling authority establishing that this case falls within such an exception. Rather, Defendant erroneously claims that its damages exceed the bond because its frozen assets ($460,000, later reduced to $150,000) is larger than the bond. (Defendant’s Motion [Dkt. No. 228, pg. 3]). That disparity alone is not the legal standard. The legal standard is whether Plaintiff acted in bad faith, which Defendant has failed to prove. In fact, this Court already determined that “[i]t’s undisputed that Plaintiff owns U.S. Copyright Reg. No. PA0002276002” and “[i]ncluded within the NARUTO Copyright is the motion picture ‘*NARUTO 353: The tale of Jiraiya the Gallant*.’” [Dkt. No. 227. pg. 2]. Furthermore, “[n]either Yiwu Wenzan nor Jing Zhu have any agreement with Plaintiff to sell NARUTO-branded products.” *Id.* at pg. 3. Plaintiff presented evidence in conjunction to filing its Complaint that Defendant violated Plaintiff’s NARUTO Copyright in marketing an infringing product through its internet store. *See* [Dkt. No. 27, pgs. 35-41]. Plaintiff clearly demonstrated that Defendant violated Plaintiff’s NARUTO Copyright by listing an infringing product for sale on its interactive website and agreeing to sell and ship that infringing product.

Defendant's Motion asks the Court to award "additional equitable relief" beyond the bond because it was "grossly insufficient" (Defendant's Motion [Dkt. No.228, pg. 1]) which conflates the bond-recovery mechanism (a contractual/security-based remedy tied to the posted bond) with open-ended equitable damages. Courts are generally reluctant to expand a wrongfully enjoined party's recovery beyond the bond through freestanding equitable relief, since doing so would undermine the certainty Rule 65(c) is designed to provide to plaintiffs who post security in good-faith reliance on the court-approved amount. The bond amount posted by Plaintiff was set and approved by this Court when it granted Plaintiff's TRO. [Dkt. No. 32]. The proper mechanism for challenging the sufficiency of the bond would be at the time the TRO or preliminary injunction issued — not to seek a post hoc expansion of liability after dismissal. Defendant's failure to timely challenge the bond amount constitutes a waiver of this argument.

As such, Defendant's request to recover bond damages should be denied.

**b. Defendant is Not a Prevailing Party and Not Entitled to Fees**

Defendant mistakenly claims that "Defendant is the prevailing party for purposes of 17 U.S.C. § 505" and therefore entitled to attorney fees. (Defendant's Motion [Dkt. No. 228, pg. 6]). On June 29, 2026, this Court stated that "the motions for summary judgment are denied. The case is dismissed without prejudice for lack of personal jurisdiction." [Dkt. No. 227, pg. 9]. In this matter, Defendant was not the 'prevailing party' because the Defendant was dismissed **without** prejudice, which allows Plaintiff to bring suit against Defendant at a later date. (emphasis added). "A dismissal without prejudice means no one has prevailed; the litigation is just postponed with the possibility of the winner being decided at a later time in a new arena." *Dunster Live, LLC v. LoneStar Logos Mgmt. Co., LLC.,* 908 F.3d 948, 951 (5th Cir. 2018). "A dismissal without prejudice is normally nonfinal because the plaintiff remains free to refile his case." *Mostly Memories, Inc. v. For Your Ease Only, Inc.,* 526 F.3d 1093, 1097 (7th Cir. 2008).

Other jurisdictions have reached similar conclusions. "Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case … is clearly the prevailing party …" *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). "Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata.*" *Id.*; (when plaintiff's claim dismissed with prejudice, defendant "is deemed the prevailing party"); *Stratton Group, Ltd. v. Chelsea National Bank,* 54 F.R.D. 227, 228 (S.D.N.Y.1972); (defendants not deemed prevailing parties when dismissed without prejudice because plaintiffs could refile claims against them); *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Cir. 2009).

Furthermore, this Court did not make a determination on the merits of the parties' claims when dismissing this matter on June 29, 2026. [Dkt. No. 227]. Rather, this Court's factual findings were made in the context of a jurisdictional inquiry – whether Defendant sufficiently preserved its personal jurisdictional defense ("Yiwu Wenzan properly preserved its personal jurisdiction defense by asserting it in a timely-filed answer" [Dkt. No. 227, pg. 5]) and whether service of process pursuant to the Hague Convention applies ("because no provision of the Convention authorizes service by email in China, such service violates the Convention and Rule 4(f)(3)" *Id.* at pg. 9]).

**c. Defendant Cannot Satisfy the "Exceptional Case" Standard – Attorney Fees Should be Denied**

The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: each litigant pays his own attorneys' fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). The Lanham Act provides an exception to that rule, that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. §

1117(a). The Seventh Circuit adopted the Supreme Court's standard from the patent infringement case *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., which defines an "exceptional case" as one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 388–89 (7th Cir. 2019) (applying *Octane Fitness to trademark cases*). Insofar as § 1117(a) "remains an exception to the American Rule, the standard for finding a case 'exceptional' befits its definition— 'uncommon,' 'rare,' or 'not ordinary.'" *Intellect Wireless, Inc. v. Sharp Corp.,* 45 F. Supp. 3d 839, 848 (N.D. Ill. 2014).

To determine whether the case is exceptional, the district court examines the totality of the circumstances and does so on a case-by-case basis. *LHO Chicago River v. Perillo*, 942 F.3d at 388–89. The Seventh Circuit requires a high standard of proof, specifically, that the litigation conduct was "particularly egregious," "oppressive," or "vexatious." *Dyson, Inc. v. SharkNinja Operating LLC*, No. 14 C 9442, 2019 WL 1454509 (N.D. Ill. Mar. 31, 2019); *citing TE-TA-MA Truth Found–Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 257 (7th Cir. 2004) (holding that the defendant's litigation conduct made the case exceptional where it purposely harassed the parties throughout the litigation to force the plaintiff to drop the trademark claim which drove up the costs of litigating the case which was "particularly egregious because … of explicit threats of violence," including an "attempt [ ] to have the presiding district court judge murdered"); *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627–29 (7th Cir. 2001) (affirming an exceptional case finding where the plaintiff "added to the cost … by not responding to discovery requests, repeatedly failing to properly serve or sign motions filed with the court, and failing to satisfy the requirements of the local rules of the district court,"

and where the plaintiff's actions "look[ed] to be part of a pattern of abusive and improper litigation" across dozens of cases); *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 437 (7th Cir. 1989) (affirming an exceptional case finding where the defendants "committed perjury in answering interrogatories," raised "ridiculous" defenses, and "attempt[ed] to circumvent the district judge's ruling" and "by filing a fresh lawsuit patently barred by res judicata"). A party requesting fees under the Lanham Act thus bears the burden of proving by preponderance of the evidence that the case is "exceptional" and sufficient to warrant an award of attorneys' fees. *See Octane*, 572 U.S. at 557–58.

As shown in the Seventh Circuit cases cited above, "exceptional" cases are those where illegal or extremely negligent behavior on behalf of one of the parties took place, which is not even close to the facts of this case. Where a party sets forth a good faith argument in support of its position, like Plaintiff presented here against Defendant, it will generally not be found to have advanced "exceptionally meritless" claims. *LHO Chicago River, LLC v. Rosemoor Suites, LLC*, No. 16 C 6863, 2020 WL 4003565 (N.D. Ill. July 15, 2020) (finding that although the plaintiff produced a limited amount of use evidence, its arguments and evidence were not so exceptionally weak that the case "stood out," therefore defendant's motion for attorneys' fees was denied).

In the present case, Defendant has not provided any set of facts that would establish that Plaintiff litigated this case unreasonably or would justify a finding that this case is "exceptional." Defendant makes numerous unsubstantiated allegations regarding egregious conduct on behalf of Plaintiff that fly in the face of the facts of this case. For example, Defendant makes the unsupported allegation that "Plaintiff filed copyright claims without owning the asserted copyright" (Defendant's Motion [Dkt. No. 228, pg. 4]) despite the fact that this Court has already determined that "[i]t's undisputed that Plaintiff owns U.S. Copyright Reg. No. PA0002276002"

and "[i]ncluded within the NARUTO Copyright is the motion picture '*NARUTO 353: The tale of Jiraiya the Gallant*.'" [Dkt. No. 227. pg. 2]. Defendant also erroneously alleges that it did not infringe Plaintiff's NARUTO Copyright despite Plaintiff presenting evidence in conjunction to the filing of its Complaint demonstrating to the contrary. *See* [Dkt. No. 27, pgs. 35-41]. Additionally, this Court did not make a determination of Plaintiff's claims regarding copyright infringement. Rather, this matter was "dismissed without prejudice for lack of personal jurisdiction." [Dkt. No. 227].

Plaintiff filed a complaint against Defendant for copyright infringement to prevent the unauthorized use and dissemination of products bearing images of the NARUTO Copyright. As such, given the proliferation of counterfeit products being sold online and in this jurisdiction, Plaintiff's efforts to protect its intellectual property are quite reasonable. Further, Defendant does not assert facts which prove that Plaintiff acted unreasonably in its litigation strategy. In fact, none of Defendant's claims rise to the level of "particularly egregious" or "oppressive" as noted in prior Seventh Circuit opinions. *See TE-TA-MA,* 392 F.3d 248, 257; *S Indus., Inc.,* 249 F.3d 625, 627–29; *Gorenstein Enters., Inc.*, 874 F.2d 431, 437. Defendant's allegations do not come close to establishing an "exceptional case" and are not enough to render Plaintiff's claims against Defendant meritless or unreasonable, nor do these claims rise to the level of an extraordinary case that "stands out" among any other case. *LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 388–89. Plaintiff acted in good faith throughout this matter, and it was reasonable for Plaintiff to include Defendant in this case and to assert its copyright infringement claim against it as a named defendant. *LHO Chicago River, LLC v. Rosemoor Suites, LLC*, No. 16 C 6863, 2020 WL 4003565, at *4 (court found plaintiff did not act unreasonably where plaintiff believed a defendant may have been involved in the alleged infringement based on its relationship with the

other two named defendants). *TE-TA-MA*, 392 F.3d at 264 ("Playing hard—by the rules—cannot suffice to make a case exceptional under § 1117(a)").

Accordingly, Defendant has not established that this is an "exceptional case" and Defendant's Motion should be denied.

**d. Defendant Is Not Entitled to Sanctions**

Defendant's claims fail to meet the threshold for awarding sanctions against Plaintiff's counsel personally under 28 U.S.C. § 1927. "A court may impose sanctions under 28 U.S.C. § 1927, against an attorney where that attorney has acted in an objectively unreasonable manner *by engaging in a 'serious and studied disregard for the orderly process of justice'*...." This statement certainly does not stand for the proposition that *any* unreasonable conduct is sanctionable under section 1927." (emphasis included). *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). "Under the current state of the law, something more than ordinary negligence must exist in order to justify the order of sanctions." *Id.* at 1185.

Defendant erroneously claims that it is entitled to sanctions due to the costs related to discovery. (Defendant's Motion [Dkt. No. 228, pg. 10]). On February 12, 2025, this Court imposed a discovery schedule upon the parties, which included deadlines for exchanging Rule 26(a)(1) disclosures and completion of fact discovery. [Dkt. Nos. 102, 103]. Plaintiff timely issued written discovery to Defendant in the form of interrogatories, production requests and requests for the admission of fact. Throughout these proceedings, Defendant has failed to meaningfully participate in the discovery process including answering written discovery and providing witnesses to sit for depositions, prompting Plaintiff to engage this Court's participation by filing multiple motions to compel. On July 18, 2025, Plaintiff filed a Motion to Compel Discovery Responses from Plaintiff after Defendant failed to provide responses to Plaintiff's written discovery requests. [Dkt. No. 138]. Plaintiff filed a second Motion to Compel Discovery

Responses and Produce Defendants for Deposition on August 18, 2025, after Defendant failed to provide sufficient responses to Plaintiff's written discovery requests and provide the previously disclosed witnesses on its Rule 26(a)(1) Disclosures for deposition. [Dkt. No. 160]. On November 18, 2025, Plaintiff filed another Motion to Compel the Deposition of Defendant. [Dkt. No. 176]. As such, any additional expenses incurred by Defendant pursuant to the discovery process were a result of Defendant's failure to timely and adequately respond to Plaintiff's discovery requests.

Defendant's claims regarding deposing witnesses without a subpoena are unfounded because Plaintiff did provide a subpoena to Defendant regarding the time, place and manner of deposition as well as the topics to be covered. Defendant's other discovery-conduct complaints are not timely brought and should have been raised through a motion to quash or a protective order at the time. As such, Defendant has waived these objections.

Defendant also unnecessarily increased its own litigation expenditures by filing a pleading with the use of AI which incorrectly cited numerous statutes and caselaw as well as incorrectly summarized existing caselaw. As a result, Plaintiff filed a Motion to Strike Defendant's Motion for Summary Judgment on March 4, 2026. [Dkt. No. 201].

Defendant lists numerous other costs for which it is seeking reimbursement that it is not entitled to. Defendant is not entitled to prejudgment interest because Defendant cannot substantiate any sanctionable conduct by Plaintiff. Plaintiff brought suit against Defendant for copyright infringement and properly obtained a restraint on Defendant's assets. Plaintiff posted a bond in an amount deemed appropriate by this Court for any damages incurred by Defendant.

Defendant also fails to substantiate its claim for consulting fees from a non-appearing attorney as Defendant has largely appeared pro se during these proceedings.

Defendant's claims for ancillary costs such as translation costs, PACER charges, bank fees and international roaming are unsubstantiated and are not typically recoverable under the fee-shifting statutes cited by Defendant – 17 U.S.C. § 505; 15 U.S.C. § 1117(a) and 28 U.S.C. § 1927 which provide compensation for excess litigation costs, not incidental personal expenses.

Additionally, Defendant improperly seeks an award of damages under both 17 U.S.C. § 505; 15 U.S.C. § 1117(a) while also separately seeking sanctions pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 65(c) by which Defendant is seeking a double recovery, which is prohibited.

Defendant has not met its burden of demonstrating that Plaintiff's conduct rose to a sanctionable level. Additionally, many of the additional charges Defendant incurred throughout these proceedings were a direct result of Defendant's failure to comply with Court deadlines regarding its written discovery responses, providing sufficient responses to written discovery requests, producing witnesses for deposition and the improper use of AI in drafting pleadings. As such, Defendant is not entitled to sanctions and its Motion should be denied.

## IV. CONCLUSION

Defendant fails to carry its burden in demonstrating that Plaintiff's conduct was sanctionable in the prosecution of its copyright infringement claim against Defendant. Furthermore, any multiplication of the proceedings experienced by Defendant was a result of Defendant's own conduct. Therefore, Plaintiff respectfully requests this Court to deny Defendant's Motion and grant any other relief it deems appropriate.

Respectfully submitted,

Dated: August 14, 2026

By: s/Michael A. Hierl _____________

Michael A. Hierl
William B. Kalbac
Robert P. McMurray
John Wilson
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com

Attorneys for Plaintiff
TV TOKYO CORPORATION

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Response was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on August 14, 2026.

s/Michael A. Hierl
Michael A. Hierl